IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC FUNDERBURK,                    *
    Plaintiff

                        *    CIVIL  NO. CCB-14-2479
V.

                        *

WARDEN RICKY FOXWELL,
STEPHANIE BATAYNEH,[1]               *
    Defendants

                    ******

MEMORANDUM

Pending is a Motion to Dismiss, or in the alterative Motion for Summary Judgement, filed on behalf of defendants Warden Ricky Foxwell and Stephanie Batayneh.  ECF 14.  Plaintiff Eric Funderburk has not responded.[2]  Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be granted.

Background

On August 5, 2014, Funderburk, who is incarcerated at the Maryland Transition Center ("MTC"),  filed a self-represented complaint, alleging that on December 8, 2013, while he was detained at the Baltimore City Detention Center ("BCDC"), he was assaulted by other inmates over the use of the telephone.  ECF 1, p. 3.   He claims that although unknown officers took the names of the assailants and photographs of his injuries, no one was charged with assaulting him.  *Id.*  He states, "A Female Officer called 'Ms. B' [subsequently identified by counsel as Batayneh]

---

[1] The Clerk shall amend the docket to reflect the proper name of defendant Ms. B as Stephanie Batayneh.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on  May 22, 2015, Funderburk was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  ECF 15.  He was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court.  *Id.*

on A-Shift opened the cell doors for recreation then left the tier thereby failing to protect me from assault." *Id.*

Analysis

Defendants raise the affirmative defense of non-exhaustion and assert that Plaintiff's claims have not been properly presented through the administrative remedy procedure and therefore must be dismissed pursuant to 42 U.S.C. §1997e.  ECF 14.  The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Funderburk is subject to the strict requirements of the exhaustion provisions, and it does not matter that he alleges injury caused by a single incident, as opposed to general conditions of confinement.  *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).  Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  A claim which has not been exhausted may not be considered by this court.  *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Thus, plaintiff's claims must be dismissed if defendants raise the affirmative defense and also prove that plaintiff has failed to exhaust available remedies.  *See Jones*, 549 U.S. at 216 – 17 (failure to exhaust is an affirmative defense and inmates are not required to demonstrate exhaustion in their complaints).  The PLRA's exhaustion requirement is designed so that

prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003); *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief").

BCDC has established a four-step grievance process. ECF 14-2.  In his unverified complaint, Funderburk states, "To my knowledge there is not a[n] ARP process at Baltimore City Detention Center." ECF 1, p. 2.  His statement is belied by the record.  While confined at BCDC, Funderburk filed numerous grievances both before and after the incident.  ECF 14-4.  None of these grievances concerned the December 8, 2013 attack. As Funderburk failed to institute, much less exhaust, remedies as to the allegations contained in this complaint, the complaint shall be dismissed for failure to exhaust available administrative remedies.

Conclusion

For the reasons stated, defendants' dispositive motion shall be granted. A separate Order shall be entered in accordance with this Memorandum.

Date:  February 2, 2016                                    _____/S/_____
                                                          Catherine C. Blake
                                                          United States District Judge